SHIDLOVSKY et al. v. MALLORY S. S. CO. et al.

(Supreme Court, Appellate Term.   July 7, 1908.)

1. APPEAL AND ERROR—REVIEW—PARTIES ENTITLED TO ALLEGE ERROR—DIS-
MISSAL AS TO CODEFENDANT.

In an action against an initial and a connecting carrier for delay in
the transportation of goods to another state, the initial carrier cannot
complain of a judgment dismissing the complaint as to the connecting
carrier, since the liability of the initial carrier is expressly determined by
Act Cong. June 29, 1906, c. 3591, 34 Stat. 584 (U. S. Comp. St. Supp. 1907,
p. 892), amendatory of Interstate Commerce Act, Act Feb. 4, 1887, c. 104,
24 Stat. 379 (U. S. Comp. St. 1901, p. 3154), requiring the issuance of a
receipt or bill of lading by the initial carrier for goods so received.

2. CARRIERS — TRANSPORTATION OF GOODS — LIMITATION OF LIABILITY — CON-
TRACTS—VALIDITY.

Under Act Cong. June 29, 1906, c. 3591, 34 Stat. 584 (U. S. Comp. St.
Supp. 1907, p. 892), amendatory of Interstate Commerce Act, Act Feb.
4, 1887, c. 104, 24 Stat. 379 (U. S. Comp. St. 1901, p. 3154), regulating
the liability of common carriers receiving property for transportation
from one state to another, and providing that "no contract, receipt, rule
or regulation shall exempt such common carrier, railroad or transporta-
tion company from the liability hereby imposed," a clause in a bill of
lading accepted by a shipper, purporting to exempt the carrier from a
liability imposed by the statute, is ineffectual.

3. SAME—DAMAGES—DIMINUTION.

In an action against a carrier for unreasonable delay in the transporta-
tion of certain goods, a statement put in the record by counsel for de-
fendant, with the consent of plaintiffs' attorneys, that on "the 26th day
of December," the year not appearing, "the goods in question were sold
for $163.28" at a certain place, it not appearing that such sale was
made by or with the consent of, or upon notice to, plaintiffs, was in-
effectual to diminish the damages.

Appeal from Municipal Court, Borough of Manhattan, Fifth Dis-
trict.

Action by Susan Shidlovsky and others against the Mallory Steam-
ship Company and another.  From a judgment for plaintiffs, and from
a dismissal of the complaint as to one of the defendants, the other de-
fendant (Mallory Steamship Company) appeals.  Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEA-
BURY, JJ.

William Harman Black, for appellant.

Samuel J. Rawak and Byrne & Cutcheon (William P. Philips and
Elihu Root, Jr., of counsel), for respondents.

MacLEAN, J.   The defendant steamship company appeals from a
judgment entered upon the verdict of a jury in favor of the plaintiffs,
who claimed damage because of unreasonable delay in transportation,
and of right as in interest, as it was not contradicted that the goods
consigned were sold as a sale to arrive.   That the suit was dismissed
as against the connecting carrier, the plaintiffs being seemingly not un-
willing, is of no concern of the defendant appellant, which, as the initial
carrier, on September 4, 1906, received a case of goods for transporta-
tion from this to a distant state and under the provisions of the act of
June 29, 1906, c. 3591, 34 Stat. 584 (U. S. Comp. St. Supp. 1907, p.
892), amendatory of Interstate Commerce Act, Act Feb. 4, 1887, c.

104, 24 Stat. 379 (U. S. Comp. St. 1901, p. 3154), was bound to issue a receipt or bill of lading therefor, and whose liability to the lawful holder thereof is expressly determined by the act. That it issued a bill of lading with exemption clause, construed by counsel into a contract, because accepted by the shipper, was and is of no avail, as that was civilly illicit under the pre-existing federal statute, providing that:

"No contract, receipt, rule or regulation shall exempt such common carrier, railroad or transportation company from the liability hereby imposed."

Proof there was, and sufficient, of unreasonable delay to justify the verdict in favor of the plaintiffs and of damage to the amount found by the jury, not to be diminished by or in consequence of a statement put upon the record by counsel for the railway company, even with the consent of the plaintiffs' attorney, "that on the 26th of December," of what year does not appear, "the goods in question were sold for $163.28 at Jacksonville, Fla., by the Seaboard Air Line Railway"; it not appearing that such sale was by or with the consent of, or upon notice to, the plaintiffs herein. The judgment must therefore be affirmed, leaving the defendant appellant to its right and remedy, if any, against the connecting carrier, to which it claims it made delivery of the case of goods in question.

Judgment affirmed, with costs. All concur.